1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

| JON LIEBERMAN, | 2:12-CV-1650 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| WAL-MART STORES, INC., et al., | |
| Defendant(s). | |

14

**ORDER**

15   Presently before the court is plaintiff Jon Lieberman's motion to file an amended complaint.

16   (Doc. # 11).  Defendant Wal-Mart Stores, Inc. has filed a response (doc. # 12), to which plaintiff has

17   replied (doc. # 15).

18   **I.    Factual Background**

19   On or about March 7, 2012, plaintiff was shopping at Wal-Mart store #3655, located at 10440

20   W. Cheyenne Avenue, Las Vegas, Nevada 89129.  (Doc. # 1-2, 4:13).  While plaintiff was walking

21   in the parking lot he was struck from behind and his foot was run over by multiple shopping carts

22   being pushed by an employee.  (Doc. # 1-2, 4:14).

23   On August 23, 2012, plaintiff filed a complaint against defendants Wal-Mart, John Doe

24   "Patrick," and John Doe "employee pushing carts" in Nevada state court.  (Doc. # 1-2, 2).  Plaintiff

25   sued for negligence, assault and battery, and special damages.  (Doc. # 1-2, 4:13, 5:9, 5:17).

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

On September 19, 2012, Wal-Mart filed a petition for removal to remove case number A-12-667351-C from state to federal court. (Doc. #1). In its petition for removal, Wal-Mart invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, by arguing that there is complete diversity between parties and establishing an amount of controversy over $75,000. (Doc. # 1, 2:20, 4:1).

In Wal-Mart's Rule 26 status report, it identified former employee Patrick Chenard as a witness who was expected to testify regarding the facts and circumstances surrounding plaintiff's incident. (Doc. # 11, 14). On December 18, 2012, plaintiff filed the instant motion to amend his complaint. (Doc. # 11). Plaintiff moves to amend his complaint to change the current party named "John Doe Patrick" to Patrick Chenard for all claims currently pleaded. (Doc. # 11, 3:19).

**II.   Discussion**

Plaintiff moves to amend under FRCP 15(a) and FRCP 15©. However, the proper standard for post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e).

### 1.   *Legal Standard*

"Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11-04551 AHM FFMX, 2012 WL 751919, at *1 (C.D. Cal. 2012); *see, e.g., Clinco v. Roberts,* 41 F.Supp.2d 1080, 1088 (C.D. Cal.1999); *see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.,* 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally). The standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e) which states,

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

James C. Mahan
U.S. District Judge

- 2 -

1    Courts have discretion to consider the following factors when ruling on a motion that would

2    destroy diversity jurisdiction, as discussed in *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016

3    (C.D.Cal. 2002):

4    > (1) whether the party sought to be joined is needed for just adjudication and
     > would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the
5    > statute of limitations would prevent the filing of a new action against the new
     > defendant in state court; (3) whether there has been an unexplained delay in
6    > seeking to join the new defendant; (4) whether plaintiff seeks to join the new
     > party solely to defeat federal jurisdiction; (5) whether denial of the joinder
7    > would prejudice the plaintiff; (6) the strength of the claims against the new
     > defendant.

8

9    *Id*. at 1020;[1] *see also Addison v. Countrywide Home Loans, Inc.*, 2:10-CV-1304-LDG-PAL

10   WL 146516, at *5 (D. Nev. 2011).  "Any of the factors might prove decisive, and none is an

11   absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, C 09-03823 SI, 2010 WL

12   2680800, at *3 (N.D. Cal. 2010).

13            **2.    *Discussion***

14            Amendment of the complaint would add a diversity-destroying party, therefore the court must

15   examine whether amendment is proper under 28 U.S.C. 1447(e) and the *Boon* factors.

16            (1)    *Just Adjudication*

17            "Rule 19(a) requires joinder of persons whose absence would preclude the grant for complete

18   relief, impede their ability to protect their interests, or subject a party to risk of incurring inconsistent

19   obligations."   FED.R.CIV.P. 19(a); *see also Yang*, 2010 WL 2680800 at *3; *see also IBC*, 125

20   F.Supp.2d at 1011.

21            "This standard is met when failure to join will lead to separate and redundant actions, but it

22   is not met when defendants are only tangentially related to the cause of action or would not prevent

23   complete relief." *Boon*, 229 F.Supp.2d at 1023 (internal quotation marks omitted).  "Although

24   ---
     [1] The court notes that Wal-Mart uses the 28 U.S.C. § 1447(e) post removal factors set out in *Schur v. L.A.*
25   *Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009).  However, this court resides in the Ninth Circuit, it does
     not find application of a Seventh Circuit case instructive when a court in the Ninth Circuit discussed the relevant factors.
26   Instead, the court uses the factors set in *Boon*, which encompass and elaborate on the factors set out by the Seventh
     Circuit.

27

28

**James C. Mahan**
**U.S. District Judge**                                          - 3 -

1   courts consider whether a party would meet FED. R. CIV. PROC. 19's standard for a necessary party,

2   amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC*, 125

3   F.Supp.2d at 1011-12. "Courts will prevent joinder of non-diverse defendants where the proposed

4   defendants 'are only tangentially related to the cause of action or would not prevent complete

5   relief.'"  *Id*. at 1012 (*citing Red Buttons v. Nat'l Broad. Co.*, 858 F.Supp. 1025, 1027 (C.D. Cal.

6   1994)).

7          If an intentional tort is committed in the course and scope of an employee's work, liability

8   may be extended to the employer.  *Prell Hotel Corp. v. Antonacci*, 469 P.2d 399, 400 (Nev. 1970).

9   "If the employee's tort is truly an independent venture of his own and not committed in the course

10   of the very task assigned to him, the employer is not liable."  *Id*. at 400; *see also Chapman v. City*

11   *of Reno*, 455 P.2d 618,621 (Nev. 1969); *see also J. C. Penney Co. v. Gravelle*, 155 P.2d 477, 482

12   (Nev. 1945).

13          "Whether the employer is held vicariously liable for the agent's conduct, however does not

14   affect the agent's independent tort liability." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752,

15   765 (7th Cir. 2009); *see also Patterson ex rel. Cobb v. Bankers Life and Cas. Co., Inc.*, No. Civ. S-

16   06-1184 FCD KJM, 2006 WL 3388544, at *3 (E.D. Cal. 2006) ("The doctrine of *respondeat*

17   *superior* clearly contemplates that the negligent employee whose conduct is sought to be attributed

18   to the employer at least be specifically identified, if not joined as a defendant." (citation omitted)).

19    "An agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches

20   an independent duty that she owes to the third party." *Schur*, 577 F.3d at 766.

21          In the present case, plaintiff alleges that Chenard's negligence, and assault and battery

22   caused, in part, plaintiff's injuries.  Chenard is alleged to be the individual who pushed the carts that

23   injured plaintiff.  This allegation charges Chenard as being directly responsible for plaintiff's injury

24   on March 7, 2012.  Unlike typical slip and fall cases,[2] Chenard bears more than a tangential

25   relationship to plaintiff's claims because of his direct involvement with the injury.  Further, similar

26

27          [2] *See, e.g., McJunkin v. Wal-Mart Stores, Inc.*, 2:10-CV-01101-RLH, 2011 WL 971062, at *1 (D. Nev. 2011).
     In *McJunkin*, the court found that a motion to amend was not proper under 28 U.S.C. 1447(e) when plaintiff attempted

28   to join an employee who was responsible for maintaining the fitting room where plaintiff was injured. *Id*.

James C. Mahan
U.S. District Judge

1   to *Schur*, though issues of respondeat superior are present, vicarious liability does not preclude
2   personal liability on the part of Chenard. *Id*. 577 F.3d at 766.  This liability does not depend on
3   whether Chenard was acting within the scope of his employment.  If Chenard was acting outside of
4   the scope of employment, it would only mean that plaintiff could not hold Wal-Mart vicariously
5   liable for its employee's tort.

6          Wal-Mart contends that plaintiff will not suffer prejudice from denial of amendment because
7   Wal-Mart will satisfy any judgment. This statement however is in contention, as plaintiff argues that
8   it is possible for Wal-Mart to sever itself if Chenard's conduct was outside the course and scope of
9   his employment.  Unlike in *Zhang v. Saks Inc*., C-09-4447 EMC, 2009 WL 5125815, at *3 (N.D.
10   Cal. 2009),[3] Wal-Mart has not stipulated that Chenard was working in the course and scope of his
11   work or that it would satisfy any judgment against him.  On the other hand, Wal-Mart has objected
12   to a request to admit that Doe "Patrick" was an employee working in the course and scope of his
13   employment.  (Doc. # 15, 4;6; Ex. 1).  This leaves open the possibility for Wal-Mart to sever itself
14   from the litigation.

15          Therefore, because Chenard is more than tangentially related to the matter and there remains
16   a possibility that Wal-Mart may sever itself from liability, this factor weighs in favor of allowing
17   amendment.

18                        (2)      *Statute of limitations*

19          "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court,
20   a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff
21   could still theoretically seek relief from state court."  *Yang*, 2010 WL 2680800 at *4; *see also*
22   *Clinco,* 41 F.Supp.2d at 1083.  "But where . . . a plaintiff would be required to litigate essentially
23   duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial
24   resources and the risk of inconsistent results weights in favor of allowing joinder."  *Id.; see also IBC*,
25   125 F.Supp.2d at 1012.

26   _____
     [3] In *Zhang*, Saks stipulated that (1) the employee was working in the course and scope of her employment and
27   (2) that if a finder of fact determined clear and convincing evidence of oppression, fraud, or malice, that the employer
     would accept liability.  The court found this stipulation was a motivating factor in determining that a Rule 19(a) factor
28   would weigh against remand.

**James C. Mahan**
**U.S. District Judge**

1    Both plaintiff and Wal-Mart do not argue that a new action against Chenard would be time-

2    barred.  However, if plaintiff were to litigate against Chenard, it would require plaintiff to bring a

3    case arising out of the same facts.  Therefore, in the interest of conserving judicial resources and a

4    risk of inconsistent results, this factor weighs in favor of allowing amendment.

5    (3)    *Untimely delay*

6    "When determining whether to allow amendment to add a nondiverse party, courts consider

7    whether the amendment was attempted in timely fashion."  *Clinco*, 41 F.Supp.2d at 1083.

8    In *Lopez v. General Motors Corp.*, 697 F.2d 1328. 1332 (9th Cir. 1983), the court held that

9    a delay of six months after removal, and just four days prior to a hearing on a summary judgment

10    motion was "too late" for plaintiff to amend the complaint.  However, in *Boon*, a delay of less than

11    three months after the original complaint, and less than a month after removal, was not found to be

12    unreasonable.  299 F.Supp.2d at 1016.

13    Plaintiff filed this motion a little under five months after the complaint was filed, and three

14    months after the filing of the removal by Wal-Mart.  However, the motion to amend was filed within

15    the deadline set forth in the scheduling order.  (*See doc*. # 10).

16    Provided that there are no pending dispositive motions and the motion to amend was filed

17    by the deadline; the amendment is timely.  Thus, the court views this factor weighing in favor of

18    amendment.

19    (4)    *Motive for Joinder*

20    "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to

21    a trial court's decision to grant the plaintiff leave to amend his original complaint."  *Clinco*, 41

22    F.Supp.2d at 1083 (*quoting Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th

23    Cir. 1980).  Therefore, "a trial court should look with particular care at such motive in removal cases,

24    when the presence of a new defendant will defeat the court's diversity jurisdiction and will require

25    a remand to the state court."  *Desert Empire Bank*, 623 F.2d at 1376.

26    . . .

27    . . .

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

"Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F.Supp.2d at 1012; *see also* HR rep No 889, 100th Cong, 2d Sess 72, reprinted in 1988 U.S.C.C.A.N. 6033 (stating that the purpose of § 1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal").

In *Clinco*, the court noted the possibility of an improper motive based on the timing because the validity of the claims against the new defendant were weak. *Clinco*, 41 F.Supp.2d at 1083-86. "In contrast, in *IBC*, the court declined to attribute improper motive to the plaintiff 'simply because [it] seeks to add a non-diverse defendant post-removal'; rather, given the important role of the new defendant in the underlying events, the court concluded that the plaintiff's desire to add the new defendant was reasonable and justifiable." *Zhang*, 2009 WL 5125815, at *5 (*citing IBC*, 125 F.Supp.2d at 1012) (edit in original).

Wal-Mart argues that the true motivation for adding Chenard is to destroy diversity jurisdiction. (Doc. # 12, 8;4). Wal-Mart points to plaintiff counsel's September 28, 2012, letter that states that counsel wishes to receive the name of the "Doe" employee so he can amend his complaint, and under his belief, remand the case based on the Doe's residence. (Doc. # 12, 8;4). Wal-Mart additionally contends that plaintiff has no real intention of obtaining a joint judgment from Chenard. (Doc. # 12 8). Plaintiff argues that Wal-Mart overlooks a key fact–that plaintiff essentially already named Chenard when he named defendant "Patrick Doe" in the original complaint. (Doc. # 15, 3;10).

Plaintiff sought to include Chenard in his initial claim because of Chenard's possible intentional conduct and potential individual liability. Plaintiff attempted to name Chenard, and captured this intent through the use of "Patrick Doe". Unlike regular Doe provisions, a name was attached and specific actions were imputed to this employee in plaintiff's original complaint. The timing of the amendment is less suspicious because plaintiff did not learn of Chenard's true name until Wal-Mart's Rule 26 status report. Further, similar to *IBC*, the court views the alleged role that

James C. Mahan
U.S. District Judge

- 7 -

Chenard played in this injury to be more than tangential.  The desire to name him individually is reasonable and justified.

Therefore, because the timing of the amendment is not highly suspect and reasonable motives beyond the destruction of diversity exist, this factor weighs in favor of allowing amendment.

(5)    *Prejudice to Plaintiff*

"Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forgo valid claims against the non-diverse defendants."  *Yang,* 2010 WL 2680800 at *6; *see also IBC*, 125 F.Supp.2d at 1013.

In *Oettinger v. Home Depot*, C 09-01560 CW, 2009 WL 2136764, at *4 (N.D. Cal. 2009), the court found that an interest in adjudicating the rights of all involved weighed in favor of leave to amend even though the defendant asserted that it could satisfy the judgment in full.

Wal-Mart alleges that there will be no prejudice to plaintiff because there is no dispute that Wal-Mart will be able to satisfy any potential judgment against it in this matter.  Plaintiff on the other hand, disputes that Wal-Mart will actually satisfy the judgment because it may sever itself from liability.

In light of the facts of this case, the court does not deem either argument particularly persuasive.  As mentioned earlier, Wal-Mart has not agreed to any facts stipulating that Chenard was working in the course and scope of his employment.  This allows for the issues of satisfaction and respondeat superior to remain open.  Further, like in *Oettinger*, although defendant stated that it can satisfy the judgment, that does not necessarily mean that no prejudice exists.  Although plaintiff does not state that he would continue suit against Chenard, like in *Knoshnood*, denying the amendment would require plaintiff to either litigate the same issues in two forums or forego his claims against Chenard.

Therefore, the court views this factor in favor of amendment.

. . .

James C. Mahan
U.S. District Judge

- 8 -

1        (6)      *Merit of Claims*

2        In the joinder analysis the court must determine "whether the claim[s] sought to be added

3    seem meritorious."  *IBC*, 125 F.Supp.2d at 1012.  Chenard had more than a tangential relationship

4    to plaintiff's injury and Wal-Mart has not has not claimed that Chenard was working in the course

5    and scope of his employment.  Therefore, the court finds that plaintiff may have valid claims against

6    Chenard and this factor favors amendment.

7    **III.    Conclusion**

8        After considering the *Boon* factors, the court finds amendment appropriate. Accordingly,

9        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Jon Lieberman's

10   motion to amend (doc. # 11) be, and the same hereby, is GRANTED.

11       IT IS FURTHER ORDERED that because joinder of defendant Patrick Chenard destroys

12   complete diversity and divests the court of subject matter jurisdiction, this case shall be

13   REMANDED to state court.

14       DATED February 15, 2013.

15

16   _____
     **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**